# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICKIE R. WALKER,** | : |
| **Plaintiff** | : |
| | : |
| v. | : CIVIL ACTION NO.: 1:09-CV-2276 |
| | : |
| **AMERICAN EDUCATION SERVICES, AES/PHEAA, and PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,** | : |
| **Defendants** | : |

# **M E M O R A N D U M**

On November 19, 2009, Defendants removed this case from the Dauphin County Court of Common Pleas where it had been originally filed by Plaintiff through a writ of summons on August 31, 2009, and then by a complaint on October 28, 2009. (*See* County Court Record, Doc. 4.) Defendants base removal on 28 U.S.C. § 1441(b), and assert that the court has jurisdiction because a federal question is implicated by Plaintiff's complaint, and therefore "arises under" the laws of the United States. Specifically, Defendants assert that Plaintiff's claims are preempted by the Higher Education Act of 1965, as amended in 20 U.S.C. § 1070, *et seq.* ("HEA"), and the applicable United States Department of Education regulations.

Presently before the court is Defendants' motion to dismiss Plaintiff's complaint, (Doc. 3), on the basis that the HEA preempts all of Plaintiff's claims. Upon review of the issues presented, the court determines that the case was improperly removed and this court lacks subject matter jurisdiction to decide the

ultimate issue of whether Plaintiff's claims are preempted. Accordingly, the case will be remanded to the Dauphin County Court of Common Pleas and Defendants' motion to dismiss will be denied as moot.

I. **Background**

   A. **Parties**

Plaintiff Vickie Walker resides in Blairsville, Indiana County, Pennsylvania. According to Plaintiff's Complaint, American Education Services is a fictitious name owned by the Pennsylvania Higher Education Assistance Agency, and is the servicer of Plaintiff's student loans. The Pennsylvania Higher Education Assistance Agency is a statutorily created agency of and for the Commonwealth of Pennsylvania. *See* 24 Pa. Cons. Stat. Ann. § 5101.

   B. **Facts**

The following facts are taken directly from Plaintiff's complaint and, for purposes of the issues presently before the court, they are taken as true. In May 2005, Plaintiff began researching various loan servicers and lenders in anticipation of consolidating her student loans. Ultimately, Plaintiff chose to consolidate her loans through Key Bank and selected Plaintiff AES as the servicer. Plaintiff chose Key Bank because the terms of the loan consolidation provided that she would receive a 5% reduction in her principal balance after 36 months of consecutive payments and a .25% reduction in her interest rate if she had her loans directly debited from her bank account. Plaintiff did not choose to have her loan consolidated by Defendant AES/PHEAA because its terms were not as favorable.

Plaintiff completed her loan consolidation application online through AES' website. She began the process on June 30, 2005, but apparently was unable to complete the loan application until August 31, 2005 because of problems with the website. Plaintiff asserts that she had phone and e-mail contact with AES online technical support at various times from July 1, 2005 through August 31, 2005, due to the fact that the online application would not allow her to select Key Bank as her lender. Plaintiff asserts that she was told by AES' online technical support to chose "other" as her lender, and to type "Key Bank as lender" into the comment section of the application. Plaintiff completed the application on August 21, 2005, and selected Key Bank as her lender consistent with the instructions given by AES' technical support.

In or around October 2005, Plaintiff, who was then living in Portland, Oregon, contacted AES to inquire about the status of her loan consolidation. Defendants mailed a copy of her promissory note to her address in Oregon, but Plaintiff asserts that the note was incorrect because it listed Beneficial, or Citizens, as the lender. Plaintiff contacted AES and informed them that they listed the incorrect lender. She was sent a new promissory note which was also incorrect because it listed AES as the lender.

From October 2005 through October 2006, Plaintiff made frequent telephone contact with the consolidation department of AES because the lender listed on the promissory note sent to her was not the lender with whom Plaintiff chose to consolidate. Plaintiff never received a promissory note that listed Key Bank as her lender. Furthermore, Plaintiff asserts that she never received a required disclosure statement when her loans were originally processed for consolidation.

On October 11, 2006, Plaintiff received a letter from AES informing her that she was in default of her repayment obligations because she had not made any payments. Plaintiff asserts that at all times she was eligible for a deferment of her obligation to make payments on her loans, but at no time did anyone from AES inform her of her eligibility for a deferment. Plaintiff attempted to resolve her student loan delinquency but has thus far been unable to do so.

In her complaint, Plaintiff alleges that AES was aware that she moved frequently and that she preferred to be contacted about all matters relating to her student loans by e-mail rather than U.S. Mail. Despite this, AES never contacted her about her loan delinquency by e-mail. Instead, she only became aware of it in October 2006 when it was too late to do anything to correct the problem.

### C. Procedural History

On August 31, 2009, Plaintiff commenced her suit by filing a Praecipe for Writ of Summons with the Prothonotary of the Court of Common Pleas of Dauphin County. A writ was issued and served on Defendants. On September 20, 2009, Defendants filed a Praecipe for a Rule to File a Complaint, and the Prothonotary filed a rule that same day. On October 28, 2009, Plaintiff filed a complaint with the Prothonotary which was docketed in the Court of Common Pleas at docket number 2009-CV-10647-CV.

In her complaint, Plaintiff asserts three causes of actions all of which are grounded in state law: (1) breach of contract; (2) negligent misrepresentation; and (3) breach of duty to disclose. The gist of Plaintiff's allegations are that Defendants breached the promissory note because it identified the wrong lender in the agreement between the parties; they failed to contact Plaintiff by e-mail regarding her

4

delinquencies; and they failed to provide Plaintiff with a disclosure statement and repayment schedule. (*See* Complaint, Doc. 4 at 17-20.)

On November 19, 2009, Defendants filed a Notice of Removal with this court. (Doc. 1.) On November 25, 2009, Defendants filed a motion to dismiss the complaint. (Doc. 3.) That motion was fully briefed by the parties.

## II. Discussion

Plaintiff's complaint asserts no federal cause of action and makes it clear that both she and Defendant are residents of Pennsylvania.[1] Thus, on its face, there does not appear to be a basis for federal subject matter jurisdiction pursuant to either 28 U.S.C. §§ 1331 or 1332. Indeed, Plaintiff does not believe that there is such a basis because she requests that the court remand the case to the Dauphin County Court of Common Pleas. For their part, Defendants assert that the case was removable because Plaintiff's complaint, though asserting only state causes of action of non-diverse parties, implicates important federal questions because her claims are preempted by the HEA. For the reasons that follow, the court concludes that it does not have subject matter jurisdiction to hear this case, and the court will remand the case to the Dauphin County Court of Common Pleas.

### A. Legal Standard: Removal

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." However, subsequent to removal, "[i]f at any time before final

---

[1] Defendant concedes that there is not diversity of citizenship between the parties. (*See* Reply Br., Doc. 8 n.2.)

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removing defendants bear the burden of proving the existence of federal jurisdiction. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). Moreover, "it is well settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *see also Corwin Jeep Sales & Serv., Inc. v. Am. Motor Sales Corp.*, 670 F. Supp. 591 (M.D. Pa. 1986).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Indeed, it is well established that "the party who brings a suit is master to decide what law he will rely upon." *The Fair v. Kohler Die and Specialty Co.*, 228 U.S. 22, 25 (1913); *see also Caterpillar*, 482 U.S. at 399. It is not enough that a defendant alleges that a federal statute has a preemptive effect, this alone will not provide a basis for removal. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983). As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The well-pleaded complaint rule is subject to two narrow exceptions. *United Jersey Banks v. Parell*, 783 F.2d 360, 366 (3d Cir. 1986). Under these exceptions, "federal jurisdiction could be available even though plaintiff based its claim in state court on state law: (1) when it appears that some substantial, disputed question of

6

federal law is a necessary element of [the state claim;] . . . or (2) when it appears that plaintiff's claim is really one of federal law." *Id*. (quoting *Franchise Tax Bd.*, 463 U.S. at 13) (internal quotations omitted). In cases falling under the first exception, the substantial, disputed question of federal law must be decided as part of the resolution of the state claim. The mere existence of a disputed issue of federal law is not enough, the disputed question must be "a necessary element of one of the well-pleaded state claims." *United Jersey Banks*, 783 F.2d at 366. Thus, the first exception does not expand federal question jurisdiction; rather, it ensures that federal question jurisdiction actually exists. *See id.* (discussing how the first exception is a reaffirmance of the traditional well-pleaded complaint rule).

The second exception to the well pleaded complaint rule is where the state claim is "really" one of federal law, and is known as the "complete preemption" doctrine. *See Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310-11 (3d Cir. 1994). A state cause of action "is really a federal cause of action which may be removed to federal court if the 'federal cause of action completely preempts . . . [the] state cause of action.' " *See id.* (alteration in original) (quoting *Franchise Tax Bd.*, 463 U.S. at 24). Complete preemption exists where Congress has evinced a powerful intent to entirely displace state causes of action. *See Ry Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R.*, 858 F.2d 936, 941 (3d Cir. 1988)).

### B. **Application**

This case does not meet any of the exceptions to the well pleaded complaint rule. Defendants assert that federal subject matter jurisdiction is properly based on the fact that the merits of Plaintiff's cause of action turn on a substantial federal

7

question, as well as the fact that the HEA preempts all of Plaintiff's claims. The court will address each of these in turn.

### 1. **Substantial Federal Question**

In their brief, Defendants argue that the court has jurisdiction because the merits of the case turn on a substantial federal issue that is an essential element of Plaintiff's cause of action. The court disagrees. In her complaint, Plaintiff asserts claims for beach of contract, negligent misrepresentation, and breach of a duty to disclose. The thrust of these claims is that the promissory note between the parties was incorrect because it listed the wrong lender, that Defendants breached the agreement because they did not communicate with Plaintiff by e-mail, and that Defendants did not provide her with her repayment schedule and additional disclosures after her loan was consolidated. While undoubtedly a court resolving Plaintiff's claims would have to refer to the HEA and its regulations before ruling on whether Plaintiff's claims are meritorious, this does not mean that the HEA is an essential element of Plaintiff's claim. Instead, the situation before the court is analogous to the one addressed by the Supreme Court in *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal*., 463 U.S. 1 (1983).

In *Franchise Tax Board*, a state board filed suit in state court against a trust administering an employee welfare benefit plan seeking damages for the trust's failure to honor the board's levies on account of unpaid taxes by employee beneficiaries and seeking a declaratory judgment that the state's power to levy on funds held in trust was not preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1144. The Supreme Court held that removal of the action to federal court was improper, since it was not within the removal

jurisdiction conferred by 28 U.S.C. § 1441. The Court recognized that the question of federal preemption was "a necessary element of the declaratory judgment claim" since the only questions in dispute between the parties concerned the rights and duties of the trustees under ERISA. The state Board could not obtain the declaratory relief it sought "without a construction of ERISA and/or an adjudication of its pre-emptive effect and constitutionality-all questions of federal law." 463 U.S. at 14.

Nonetheless, the Court held that federal jurisdiction was unavailable even though the trust, had it so sought, could have filed in federal court the mirror image suit, one for a declaration of its rights and duties under ERISA. In making this determination, the Supreme Court emphasized that there is a difference between a suit that implicates a federal statute and one that arises under a federal statute.

Furthermore, in *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986), the Supreme Court again clarified that its broad statement that complaints asserting only state law but involving some substantial, disputed question of federal law that is a necessary element of the state claim is not as broad as it sounds. In *Merrell Dow*, plaintiffs, citizens of Scotland and Canada, sued Merrell Dow in state court in Ohio on various state law claims arising out of the use of a drug called Bendectin. One of claims alleged that the drug was misbranded in violation of the federal Food, Drug and Cosmetic Act, 21 U.S.C. 3-1 *et seq.* ("FD&C"). The defendant, Merrell Dow, sought to remove the case as a federal question, arguing that the misbranding claim required for its resolution the determination of an issue of federal law. The Supreme Court, in a 5-4 opinion, rejected the argument. The majority found that because Congress failed to provide for a private right of action in the FD&C, it did not intend for there to be federal question jurisdiction over state law

9

claims raising violations of the FD&C. *See id*. at 817 ("[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." (internal quotation marks and citations omitted)).

The case at bar has similarities to both *Franchise Tax Board* and *Merrell Dow*. First, although a court would likely need to refer to the HEA to determine the scope of the duties owed by Defendants to Plaintiff, the court believes that the causes of actions asserted by Plaintiff are sufficiently separate from the HEA that it cannot be said that the HEA provides elements essential to Plaintiff's state causes of action. Second, the HEA, like the FD&C, provides no private right of action against a lender, servicer or guaranty agency. *See e.g.*, *McCullough V. PNC Bank*, 298 F.3d 1217, 1221 (11th Cir. 2002) (collecting cases determining that there is no express or implied private right of action to enforce any of the HEA's provisions). Thus, consistent with *Franchise Tax Board* and *Merrell Dow*, the court concludes that this case does not "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, despite the fact that the HEA may be implicated by Plaintiff's claims.

### 2. **Preemption**

The second exception to the well pleaded complaint rule is where the state claim is "really" one of federal law, and is known as the "complete preemption" doctrine. *See Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 310-11 (3d Cir. 1994). The United States Supreme Court has recognized complete preemption in only two categories of cases: (1) where the plaintiff's claim falls within the scope

of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; or (2) the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1144. *See Goepel*, 36 F.3d at 311 (citing *Avco v. Aero Lodge No. 735*, 390 U.S. 557, 88 (1968) (applying complete preemption to LMRA), and *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64-66 (1987) (applying complete preemption to ERISA)).

In cases involving federal statutes other than LMRA or ERISA, the Third Circuit has developed a two-step analysis for determining whether the complete preemption doctrine applies. *See Goepel*, 36 F.3d at 311. First, a district court must determine if the federal statute at issue "contains civil enforcement provisions within the scope of which the plaintiff's state claim falls." *See Ry. Labor Executives*, 858 F.2d at 942 (citing *Franchise Tax Bd.*, 463 U.S. at 24). Second, a district court must determine whether Congress expressed an "intention to permit removal despite the plaintiff's reliance on state law." *Goepel*, 36 F.3d at 311 (quoting *Ry. Labor Executives*, 858 F.2d at 942 (citing *Metropolitan Life*, 481 U.S. at 64-66)). If the federal statute does not meet these two steps then the preemption is not complete, but partial and it does not provide a basis for removal. *See Franchise Tax Bd.*, 463 U.S. at 22.

In applying the two-part test enunciated in *Goepel*, it is clear that any preemption afforded by the HEA is partial rather than complete. As stated previously, unlike cases brought under ERISA or LMRA, the HEA provides no private right of action against a lender, servicer or guaranty agency. *See e.g.*, *McCullough,* 298 F.3d at 1221. Thus, it cannot be said that the HEA "contains civil enforcement provisions within the scope of which the plaintiff's state claim falls." *See Ry. Labor Executives*, 858 F.2d at 942 (citing *Franchise Tax Bd.*, 463 U.S. at

11

24). In fact, as Defendants point out in their brief, an action under the HEA may only be brought by or against the Secretary of Education. (Defs.' Br., Doc. 5 at 8 (citing 28 U.S. C. § 1082(a)(6).)

Second, the promissory note that forms the basis of the relationship between the parties clearly contemplates that the HEA does not occupy the field. It states:

> The terms of this Note will be interpreted according to the Higher Education Act of 1965, as amended (20 U.S.C. § 1070 *et seq.*), other applicable federal statutes and regulations, and the guarantors' policies. *Applicable state law, except as preempted by federal law, may provide for certain borrowers rights, remedies, and defenses in addition to those stated in this Note.*

(Fed. Consolidation Loan Application and Promissory Note, Doc. 1-7 at 6.)

Furthermore, case law make it clear that the HEA does not displace state law entirely. *See e.g., Chae v. SLM Corp.*, 593 F.3d 936, 941-42 (9th Cir. 2010) ("[F]ield preemption does not apply to the HEA."); *accord Armstrong v. Accrediting Council for Continuing Educ. and Training, Inc.,* 168 F.3d 1362, 1369 (D.C. Cir. 1999). Instead, like all interaction with state and federal law, Plaintiff's claims are preempted only to the extent that it actually conflicts with the HEA. *See Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142-143 (1963) ("If Congress has not entirely displaced state regulation over the matter in question, state law is . . . pre-empted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law.")

Thus, the only possible preemption afforded by the HEA is partial preemption. This may provide a defense to Plaintiff's state law claims, but it does not in itself provide a basis for federal question jurisdiction. This is particularly true when considering that "[s]tate courts are competent to determine whether state law has been preempted by federal law and they must be permitted to perform that function

in cases brought before them, absent a Congressional intent to the contrary." *See Ry. Labor Executives*, 858 F.2d at 941-42.

## III. <u>Conclusion</u>

Consistent with the foregoing, the court finds that this case is not within the removal jurisdiction conferred by 28 U.S.C. § 1441, and therefore the court cannot reach the merits of the preemption question presented by Defendants. The court will remand this case to the Dauphin County Court of Common Pleas, and will deny Defendants' motion to dismiss as moot. An appropriate order follows.

　s/Sylvia H. Rambo　　　
United States District Judge

Dated: April 26, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**VICKIE R. WALKER,** :
:
    **Plaintiff** :
:
    v. : **CIVIL ACTION NO.: 1:09-CV-2276**
:
**AMERICAN EDUCATION** :
**SERVICES, AES/PHEAA, and** :
**PENNSYLVANIA HIGHER** :
**EDUCATION ASSISTANCE** :
**AGENCY,** :
:
    **Defendants** :

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** the Clerk of Court shall remand this case to the Dauphin County Court of Common Pleas because removal to this court was improper due to the lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** Defendants' motion to dismiss, (Doc. 3), is **DENIED AS MOOT** and the Clerk of Court shall close the case.

                                         s/Sylvia H. Rambo
                                         United States District Judge

Dated: April 26, 2010.